**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGEL JET SERVICES, L.L.C., a limited liability company, individually, as assigned and authorized representative of Betty G. Foreman,<br><br>    Plaintiff,<br><br>vs.<br><br>RAYTHEON HEALTH BENEFITS PLAN, and UNITED HEALTHCARE INSURANCE COMPANY, a foreign insurer,<br><br>    Defendants. | No. 2:10-cv-01385-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Amend Complaint ("Motion"). (Doc. 22). Defendants filed a Response in Opposition to Motion ("Response") (Doc. 25). Subsequently, Plaintiff filed its Reply in Support of the Motion ("Reply"). (Doc. 29). The Court has reviewed the parties' briefs and grants the Motion.

**I. BACKGROUND**

On July 1, 2010, Plaintiff filed a Complaint against Defendants alleging entitlement to payment of air ambulance services rendered to Betty Foreman ("Foreman") in the amount of $243,605. (Doc. 1, 6:21-24). The Complaint alleges that Foreman was insured for air ambulance services by Defendants under her father's Raytheon Company Health and Welfare Benefit Plan. (*Id.* at 2). Further, the Complaint states that Plaintiff's entitlement is valid as

an assignee of Foreman, pursuant to an Assignment of Benefits which assigned all plan benefits relating to this claim to Plaintiff. (*Id.* at 2:14-18).

On October 15, 2010, this Court filed a Rule 16 Scheduling Order requiring any motions to amend the Complaint be filed no later than November 12, 2010. (Doc. 20, 2:1-2). On November 12, 2010, Plaintiff filed the pending Motion, requesting that Foreman be substituted as Plaintiff in this matter pursuant to Rule 15(a). (Doc. 22, 1:18-19). Defendants, in their response, argue the Motion is futile, unfairly prejudicial to Defendants, and sought in bad faith. (Doc. 25, 1:21-22).

**II. ANALYSIS**

Because Plaintiff's Motion was filed within the time limits of the Court's Order of October 15, 2010, the Motion must be considered in accordance with Federal Rule of Civil Procedure Rule 15(a). Motions to amend pleadings to add claims or parties are governed by this rule, which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise *a party may amend the party's pleading only by leave of court* or by written consent of the adverse party; *and leave shall be freely given when justice so requires*.

FED.R.CIV.P. 15(a) (emphasis added).

While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g., Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) ("In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'") (citations omitted); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that leave to amend is generally allowed with "extraordinary liberality"). "This

liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The liberal policy in favor of amendments, however, is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted, unless the district court determines that there has been a showing of: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of the amendment, or (5) previous amendment of the pleading. *Foman*, 371 U.S. at 182; *see United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187.

In this case, Plaintiff timely filed its Motion and there is no claim of undue delay. Further, Plaintiff has not previously amended its Complaint. Thus, making all inferences in favor of granting the Motion, the Court will consider whether the Motion was made in bad faith, whether granting the Motion would prejudice Defendants, or whether the amendment is futile.

**A. Bad faith**

Motions to amend should be granted unless the district court determines that there has been a showing of bad faith on the part of the movant. *Foman*, 371 U.S. at 182. Defendants have not shown that the Motion was made in bad faith.

Defendants have the burden of showing bad faith. *See DCD Programs,* 833 F.2d at 187 (stating that the party opposing amendment bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend). The Court is not persuaded that a conflict of interest as alleged by Defendants exists. (*See* Doc. 25, 5-6). Defendants have failed to satisfy their burden to overcome the liberal policy favoring

- 3 -

amendments to pleadings. As such, the Court finds that Plaintiff's attempt to amend its Complaint is not made in bad faith.

**B. Undue prejudice**

As stated above, motions to amend should be granted unless the district court determines that there has been a showing of undue prejudice to the opposing party. *Foman*, 371 U.S. at 182. Here, the proposed amendment will not prejudice Defendants.

Prejudice can result where a defendant would be forced to participate in additional discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). In this case, the amended complaint does not alter the nature of the lawsuit. Both the original Complaint and the amended complaint are for "Recovery of Insurance and Plan Benefits." (Doc. 1, 5:17); (Doc. 22-1, 5:23). The claim does not change by substituting Foreman as the plaintiff. As Plaintiff points out, the amendment eliminates potential discovery by removing the need to "raise the standing issue in a substantive motion." (Doc. 22, 3:3).

Under FED.R.CIV.P. 15(c) amendments relate back and the original plaintiff can be substituted for a subsequent plaintiff when they have sufficient identity of interests. *Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982). Further, Rule 17(a)(3) supports Plaintiff's position in that it provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest, until, after an objection, a reasonable time has been allowed for the real party in interest to . . . be substituted into the action. After . . . substitution, the action proceeds as if it had been originally commenced by the real party in interest.

FED.R.CIV.P. 17(a)(3). Defendants raise arguments that are better-suited for a motion to dismiss, than in opposition to a motion to amend. Defendants will have the opportunity to assert such arguments at a later date, if they so choose.

Since July 1, 2010, when Plaintiff filed the Complaint, the parties have been aware of and understood that Plaintiff's claim for recovery of insurance and plan benefits is the focus of this case. The proposed amendment merely alleviates a possible procedural challenge to Plaintiff's claim. If such a challenge were successful, it would no doubt result

- 4 -

in a re-filed suit with the same claims asserted against Defendants as in the amended complaint here. Therefore, in light of the liberality given to granting motions to amend, and to facilitate decision on the merits, the Court finds that the Motion does not prejudice Defendants.

**C. Futility**

Motions to amend should be granted unless the district court determines that the proposed amendment would be futile or would be subject to dismissal. *Foman*, 371 U.S. at 182; *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.") (citation omitted). A motion for leave to amend is futile if it can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "However, a proposed amendment is futile *only* if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214 (emphasis added); *see Foman*, 371 U.S. at 182 (stating that "[i]f the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"); *DCD Programs*, 833 F.2d at 186 (stating that "a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim'") (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).

Without deciding this case on the merits, but based on the facts pled in the amendment, the Court finds Foreman may have standing to assert a claim against Defendants. The language of ERISA stipulates that a claim may be brought by a participant or beneficiary "to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). According to the statue, no actual loss or damages are required to bring a claim under ERISA. Further, this "Plan is governed by ERISA, and [] Foreman is a beneficiary under the Plan who has become eligible to receive Plan benefits." (Doc. 29, 7:5-6). Because Foreman may have standing under ERISA, a set of facts exists that could be

- 5 -

proven under the proposed amended complaint, which constitutes a sufficient claim against Defendants. *See Miller*, 845 F.2d at 214 ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."). Therefore, this Court finds that the Motion is not futile.

## III. CONCLUSION

Defendants have not met their burden of showing bad faith, prejudice, or futility in order to contravene the liberal policy of granting motions to amend. *See DCD Programs,* 833 F.2d at 187 (the party opposing amendment bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend). As such, the Court grants Plaintiff's Motion to Amend Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint is granted. (Doc. 22). Plaintiff shall file the proposed amended complaint (Doc. 22-1) within 5 days of the date of this Order.

DATED this 25th day of February, 2011.

James A. Teilborg
United States District Judge